IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony Maurice Lounds, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 2:22-cv-3272-TMC |
| ) | |
| Warden Charles Williams, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

Petitioner Anthony Maurice Lounds ("Petitioner"), a state prisoner proceeding *pro se*, filed this petition for relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. In February 2023, Respondent filed a return to the petition (ECF No. 14) and a motion for summary judgment (ECF No. 15). Petitioner filed a response in opposition to summary judgment. (ECF No. 21). On July 21, 2023, the magistrate judge issued a Report and Recommendation ("Report"), (ECF No. 22), recommending that Respondent's motion for summary judgment (ECF No. 15) be granted and that the petition for relief under § 2254 (ECF No. 1) be dismissed. The court granted Petitioner additional time to object to the Report (ECF No. 25), and, on August 14, 2023, the court docketed Petitioner's objections to the Report (ECF No. 27). The matter is now ripe for review.

**I. Background**

On July 13, 2011, a Greenville County, South Carolina, jury convicted Petitioner for armed robbery and possession of a weapon during the commission of a violent crime. (ECF No. 14-1 at 232). The state judge, C. Victor Pyle, Jr. of the Thirteenth Judicial Circuit in South Carolina,

1

sentenced Petitioner to concurrent terms of life imprisonment without parole for armed robbery and five years for possession of a weapon during the commission of a violent crime. *Id*. at 238. Petitioner filed a direct appeal, raising two issues:

> (1) Whether the trial judge erred when he did not recuse himself, upon motion by Appellant, when he earlier presided over Applicant's trial, which resulted in a life without parole sentence, and which was subsequently overturned by the South Carolina Supreme Court and when he had granted Appellant's motion for recusal in a prior hearing?
>
> (2) Whether the trial court judge erred when he did not grant appellant's motion for a mistrial when a juror, after having already been seated, then disclosed that she had been the victim of a violent crime?

*Id*. at 241–52. On June 26, 2013, the South Carolina Court of Appeals affirmed Petitioner's convictions and sentence, *id*. at 270–72, and issued its remittitur on July 17, 2013, *id*. at 273.

Petitioner's First PCR Application

On August 2, 2013, Petitioner filed an application for post-conviction relief ("PCR") in South Carolina state court, asserting that he received ineffective assistance of counsel. (ECF No. 14-2 at 1–7). Petitioner amended his PCR application on September 17, 2013, to include several additional grounds in support of his ineffective assistance claim. (ECF No. 14-4). The state PCR court conducted a hearing during which Petitioner was represented by counsel and live testimony was given by Petitioner, Petitioner's trial counsel, and several other witnesses. (ECF No. 14-2 at 13–85). On December 19, 2014, the PCR court issued an order denying relief and dismissing Petitioner's application with prejudice. *Id*. at 92–101. On September 18, 2015, Petitioner, through legal counsel, appealed the denial of PCR relief by filing a petition for certiorari review in the Supreme Court of South Carolina. *Id*. at 102–14. The South Carolina Supreme Court issued an order denying the petition for a writ of certiorari October 20, 2016. *Id*. at 127.

2

On November 17, 2016, undeterred by the denial of certiorari from the state supreme court, Petitioner filed a motion for relief under South Carolina Rule of Civil Procedure 60(b) from the PCR court's December 19, 2014 order denying his original PCR application. (ECF No. 14-2 at 130). The PCR court denied the Rule 60(b) motion in a form order entered December 7, 2016. *Id*. at 156–57. Petitioner then filed a *pro se* Notice of Appeal from the denial of his Rule 60(b) motion, *id*. at 129, and, on October 4, 2017, appointed counsel filed a *Johnson* petition seeking certiorari review on Petitioner's behalf, (ECF No. 14-18). The South Carolina Supreme Court denied the petition on May 3, 2018, and the remittitur was filed on May 23, 2018. (ECF No. 14-22).

Petitioner's Second PCR Application

On August 7, 2015, Petitioner filed a second PCR application raising an additional ineffective assistance ground. (ECF No. 14-6). Petitioner then sought to amend this second PCR application on October 13, 2015, complaining of ineffective assistance from his appellate counsel. (ECF No. 14-7). The State moved to dismiss on the basis that Petitioner's second PCR application was barred by the PCR statute of limitations and was impermissibly successive. (ECF No. 14-8). The PCR court issued a Conditional Order of Dismissal indicating that it would summarily dismiss Petitioner's application for the reasons listed in the State's motion unless Petitioner could show why his PCR application should not be dismissed. (ECF No. 14-9). Petitioner responded to the Conditional Order on March 21, 2016. (ECF No. 14-10). On September 26, 2016, the state PCR court dismissed Petitioner's second PCR for the reasons advanced by the State. (ECF No. 14-11).

Petitioner filed a *pro se* appeal to the South Carolina Supreme Court. (ECF No. 14-12). On October 13, 2016, the Clerk of Court for the South Carolina Supreme Court advised Petitioner pursuant to Rule 243(c) of the S.C. App. Ct. Rules to provide within ten days a written explanation as to why the PCR court's finding that his application was barred as successive and untimely was

improper. (ECF No. 14-13). Petitioner filed a timely written response, (ECF No. 14-14), but the Supreme Court determined the explanation to be insufficient and dismissed Petitioner's appeal by Order dated October 26, 2016. (ECF No. 14-15). The remittitur from the South Carolina Supreme Court was filed on November 18, 2016. (ECF No. 14-17).

Petitioner's Third PCR Application

On February 18, 2019, Petitioner, proceeding *pro se*, filed a third PCR application, challenging the jurisdiction of the trial court in which he was convicted and the validity of his indictment, among other things. (ECF No. 14-23). The State moved to dismiss on the basis that Petitioner's application was barred by the statute of limitations and was impermissibly successive to his previous PCR applications. (ECF No. 14-24). As it had done previously, the PCR court issued a Conditional Order of Dismissal indicating that it would summarily dismiss Petitioner's application for the reasons listed in the State's motion unless Petitioner could show why his PCR application should not be dismissed. (ECF No. 14-25). Legal counsel filed a response on Petitioner's behalf, (ECF No. 14-26), but the PCR subsequently dismissed Petitioner's third PCR application on May 26, 2021, for the reasons stated in the Conditional Order, (ECF No. 14-27). Petitioner filed a Motion to Alter or Amend the PCR Court's Judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. (ECF No. 14-28). The PCR court denied the motion in a Form 4 Order dated June 9, 2021. (ECF No. 14-29.)

Petitioner timely appealed the PCR court's Order. (ECF No. 14-30). Both Petitioner and his PCR counsel filed an explanation as required by Rule 243(c) of the South Carolina Appellate Court Rules. (ECF Nos. 14-31; 14-32). However, the South Carolina Supreme Court dismissed Petitioner's appeal on October 12, 2021, explaining that he had "failed to show that there is an arguable basis for asserting the determination by the lower court was improper." (ECF No. 14-

4

33).  The South Carolina Supreme Court's remittitur was filed by the Greenville County Clerk of Court on November 22, 2021.  (ECF No. 14-35).

Petitioner's § 2254 Petition

On September 26, 2022, Petitioner filed the instant petition for habeas relief in this court, raising three grounds: (1) the "State lacked subject matter jurisdiction to sentence applicant to [life without parole] due to unindicted offenses on the notice"; (2) "[t]rial counsel [was] ineffective for failing to inform petitioner of the states extended plea offer"; and (3) "[t]he State lacked subject matter jurisdiction to convict petitioner due to an altered indictment; not legally indicted."  (ECF No. 1 at 5–8).  Respondent filed a motion for summary judgment (ECF No. 15) on the basis that this petition is time barred by 28 U.S.C. § 2244(d)(1).  (ECF No. 14 at 15–25).

Section 2244(d)(1) establishes that "[a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  This provision states in pertinent part that the one-year statute of limitations begins to run at "the date on which the judgment became final by the conclusion of direct review or expiration of time for seeking such review."  *Id*. at § 2244(d)(1)(A).  However, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  *Id*. at § 2244(d)(2) (emphasis added).[1]

The magistrate judge concluded that Petitioner did not timely file this § 2254 Petition within the one-year limitations period outlined in § 2244(d)(1)(A), reasoning, in pertinent part, as follows:

---

[1] The Report notes that the one-year limitations period set forth in § 2244(d)(1) is also subject to equitable tolling, (ECF No. 22 at 13); however, Petitioner does not argue that he is entitled to equitable tolling of the limitations period in this case.  In fact, Petitioner expressly notes that he is not relying on the principle of equitable tolling.  (ECF No. 27 at 3–4).

5

Petitioner's convictions and sentence were entered on July 13, 2011. Petitioner then perfected a direct appeal of his convictions and sentence. The South Carolina Court of Appeals denied his appeal and affirmed his convictions and sentence in a written Order filed on June 26, 2013. Petitioner's next step in this process would have been to petition the Court of Appeals for a rehearing so that he could then petition the South Carolina Supreme Court for a writ of certiorari. *See* Rule 242, SCACR ("A decision of the Court of Appeals is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). Petitioner had fifteen (15) days to petition for a rehearing; however, he declined to do so. *See* Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."). Thus, his convictions and sentence became final fifteen (15) days after the Court of Appeals denied his appeal—July 11, 2013.

Petitioner properly filed his first PCR application on August 2, 2013, tolling the statute of limitations. Prior to that date, just over twenty (20) days had elapsed against the statute of limitations, leaving Petitioner approximately three hundred and forty-five (345) days within which he could timely file a federal habeas petition after the statute of limitations resumed.

On December 19, 2014, the PCR court denied Petitioner's application and dismissed it with prejudice. Petitioner appealed and filed a Petition for Writ of Certiorari on September 18, 2015. The South Carolina Supreme Court denied the petition on October 20, 2016. The remittitur was sent to the Greenville County Clerk of Court on November 7, 2016 and was filed on November 18, 2016.

Accordingly, the statute of limitations remained tolled until, at the latest, November 18, 2016. Petitioner's statute of limitations began to run again on November 19, 2016. The one-year statute of limitations thus expired in October of 2017, approximately three hundred and forty-five (345) days after the remittitur was filed. However, Petitioner did not file the instant Petition until September 26, 2022—nearly five years later. The Petition is therefore untimely.

The undersigned notes that Petitioner's subsequent PCR applications did not toll the applicable statute of limitations because neither application was "properly filed" as is required by § 2244(d)(2). Indeed, Petitioner's second and third PCR applications were both dismissed as time-barred and successive. It is well settled that a PCR application deemed successive or untimely is not "properly filed" for purposes of the AEDPA and does not toll

the statute of limitations under § 2244(d)(2). *See, e.g., McCray v. Warden at Lieber Corr. Inst*., No. 1:22-cv-1204-TLW-SVH, 2022 WL 18958700, at *9 (D.S.C. Nov. 8, 2022) ("Petitioner's second PCR action did not toll the AEDPA one year statute of limitations because it was not a properly-filed state PCR action and has been conditionally dismissed as time-barred and improperly successive under state law."), *adopted*, 2023 WL 1794571 (D.S.C. Feb. 7, 2023), *motion for relief from judgment denied*, 2023 WL 3204064 (D.S.C. May 1, 2023); *Tascoe v. Warden, Lee Corr. Inst*., No. 2:17-cv-235-CMC-MGB, 2017 WL 9250347, at *4 (D.S.C. Apr. 28, 2017) (explaining that "successive or untimely PCR applications are not 'properly filed' for purposes of the AEDPA and do not toll any time under 28 U.S.C.A. § 2244(d)(2)"), *adopted*, 2017 WL 2240675 (D.S.C. May 23, 2017); *James v. Cartledge*, No. 1:15-cv-3112-TMC-SVH, 2016 WL 446626, at *7 (D.S.C. Jan. 8, 2016) ("Petitioner's filing of his successive PCR applications did not toll the statute of limitations."), *adopted*, 2016 WL 429481 (D.S.C. Feb. 4, 2016); *Burt v. Eagleton*, No. 3:08-cv-3110-SB, 2009 WL 2997069, at *5 (D.S.C. Sept. 17, 2009) (noting that "a State PCR proceeding must be 'properly filed' for the statutory tolling provisions of § 2244(d)(2) to apply" and that "'[w]hen a post-conviction petition is untimely under state law, it is not considered properly filed.'"); *Jones v. Warden, Lieber Corr. Inst*., No. 8:06-cv-2545-GRA-BHH, 2007 WL 1574153, at *5 (D.S.C. May 29, 2007) (noting the filing of a second PCR, which was untimely under the state's statute of limitations, did not toll the federal statute of limitations because the state PCR action was not properly filed).

(ECF No. 22 at 13–16 (internal docket citations omitted)).  Accordingly, the magistrate judge recommended that the court grant Respondent's motion for summary, dismiss the § 2254 Petition with prejudice and decline to issue a certificate of appealability. *Id*. at 17.

## II. Review of the Report of the Magistrate Judge

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C.

§ 636(b)(1). Thus, "[t]o triggers de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas*, LLC, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

### III. Discussion

The Report accurately and thoroughly sets forth the standards of review with respect to habeas petitions filed pursuant to § 2254. (ECF No. 22 at 9–11). Petitioner does not challenge the magistrate judge's recitation of blackletter federal habeas law. The court adopts these principles as set forth in the Report and incorporates them fully herein.

In his objections, (ECF No. 27), Petitioner contends that the one-year limitations period began running on November 22, 2021, the filing date of the remittitur from the South Carolina Supreme Court's dismissal of Petitioner's appeal relating to his third PCR application. *Id*. at 1–3. The magistrate judge rejected this position, concluding that Petitioner's second and third PCR applications did not toll the statute of limitations because they were dismissed as time-barred and

successive and, therefore, were not "properly filed" as required by § 2244(d)(2). (ECF No. 22 at 15).

In the third PCR application, Petitioner claimed that his indictment was defective and that the State's notice of intent to seek life without parole pursuant to S.C. Code Ann. § 17-25-45 was defective. (ECF No. 14-23 at 9–12). In summarily dismissing Petitioner's third PCR application, the state PCR court noted that "[a]ny new ground raised in a subsequent [state PCR] application is limited to those grounds that could not have been raised . . . in the previous application," and that "[i]f the applicant could have raised the allegations in a previous application, then the applicant may not raise those grounds in successive applications." (ECF No. 14-27 at 7–8 (internal quotation marks omitted)). The PCR court pointed out that Petitioner's reply to the Conditional Order "explicitly notes that these issues are 'apparent on the face of the indictment'"; that "during the hearing in Applicant's first PCR action, Applicant argued that trial counsel was constitutionally ineffective for failing to move to quash the indictment"; that Petitioner "alleged in a pro se supplemental filing that Counsel was ineffective for failing to discuss with him the State's intention to seek life [without the possibility of parole]"; and that Petitioner "testified at his [first] PCR hearing that the lead solicitor at trial told [Petitioner] that he had extended a plea offer, showing [Petitioner] had enough information" to raise the issue of counsel's alleged failure to pass along the plea offer. *Id*. at 7–10. As a result, the PCR court found that Petitioner could have raised these issues in his initial PCR action and summarily dismissed the third PCR application as impermissibly successive. *Id*. at 11.

Petitioner believes, however, that his third PCR application was properly filed because he did not have any knowledge of the factual predicates for the claims raised in his third PCR application. (ECF No. 27 at 2). However, as explained by the PCR court in detail, Petitioner could

9

have raised each of these claims in his original PCR application, and he has failed to demonstrate to the contrary. Accordingly, the court agrees with the magistrate judge's conclusion that Petitioner did not timely file this § 2254 Petition within the one-year limitations period outlined in § 2244(d)(1)(A) and overrules Petitioner's objections.

### IV. Conclusion

Having conducted a *de novo* review of the thorough and detailed Report and the record and, finding no error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 22), which are incorporated herein by reference. Accordingly, the court **GRANTS** Respondent's motion for summary judgment (ECF No. 15) and **DENIES** the petition for relief under § 2254 (ECF No. 1).

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability as to the issues that were ruled upon in this Order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 17, 2023